IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| James Grey<br>2543 Finley Avenue<br>Bensalem, PA 19020  v. | : | CIVIL ACTION |
| Ace American Insurance Company<br>1 Beaver Valley Road<br>Wilmington, DE 19808 | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| April 3, 2015 | Robert S. Miller, Esquire | *(signature)* James Grey |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff, James Grey** |
| 215-569-0900 | 215-569-4621 | millerr@wnwlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: James Grey, 2543 Finley Avenue, Bensalem, PA 19020

**15   1939**

Address of Defendant: Ace American Insurance Company, 1 Beaver Valley Road, Wilmington, DE 19808

Place of Accident, Incident or Transaction: Bristol Township, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: 14-2730    Judge: Wendy Beetlestone    Date Terminated: February 6, 2015

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Robert S. Miller, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/3/2015    _____    65854
                  Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/3/2015    _____    _____
                  Attorney-at-Law             Attorney I.D.#

APR 14 2015

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Grey
2543 Finley Avenue, Bensalem, PA  19020

**DEFENDANTS**
ACE American Insurance Company
1 Beaver Valley Road, Wilmington, DE  19808

(b) County of Residence of First Listed Plaintiff   **Bucks, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **New Castle County, DE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert S. Miller, Esquire
Wapner, Newman, Wigrizer, Brecher & Miller
2000 Market St., St. 2750, Philadelphia, PA  19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES GREY** <br> 2543 Finley Avenue <br> Bensalem, PA 19020 <br><br> vs. <br><br> **ACE AMERICAN INSURANCE COMPANY** <br> 1 Beaver Valley Road <br> Wilmington, DE 19808 | **CIVIL ACTION** <br><br><br> **NO.** <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. Plaintiff, James Grey, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 2543 Finley Avenue, Bensalem, PA 19020.

2. Defendant, Ace American Insurance Company (hereinafter "Ace"), is a corporation organized and existing under and by virtue of the laws of the State of Delaware with a principle place of business therein at 1 Beaver Valley Road, Wilmington, DE 19808.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiffs and defendant.

5. Venue in this Court is proper under 28 U.S.C. §1391 because the defendant resides within this district and the incident involved herein occurred within this district.

6. At all times material hereto, plaintiffs were insured under a policy of motor vehicle insurance in which the named insured elected the Full Tort option under the Pennsylvania Motor Vehicle Financial Responsibility Law.

1

7. At all times material hereto, plaintiff was an occupant of a non-private passenger motor vehicle.

8. Limited tort option does not apply in this case.

9. On or about June 28, 2013, at or about 7:05 a.m., plaintiff, James Grey Jr., was operating a motor vehicle on or near Commerce Circle at or near its intersection with Bristol Pike in Bristol Township, Pennsylvania.

10. At the time and place aforesaid, the motor vehicle operated by plaintiff, James Grey, was insured with defendant, Ace, under a policy for automobile insurance number CAL H08724933 (hereinafter "policy").

11. At the time and place aforesaid, said policy issued by defendant, Ace, was for no less than one (1) motor vehicle(s) registered in Philadelphia, PA.

12. Within the above identified policy of automobile insurance, defendant, Ace, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured motor vehicle and/or driver.

13. Defendant's, Ace, policy number CAL H08724933 provides One Million ($1,000,000.00) Dollars per person of "UIM" benefits per vehicle insured under said policy.

14. Defendant, Ace's, said policy for automobile insurance was in full force and effect on June 28, 2013.

15. Additional yet to be identified policies issued by defendant under which plaintiff may be an insured on the date of this accident may have also been in full force and effect on June 28, 2013.

2

16. At all times material hereto, defendant, Ace, was acting by and through its respective agents, servants and/or employees operating in the course and scope of their employment with defendant, Ace.

17. On or about June 28, 2013, at or about 7:05 a.m., an underinsured motor vehicle operated by an underinsured operator was traveling on or near Bristol Pike at or near its intersection with Commerce Circle in Bristol Township, Pennsylvania.

18. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle carelessly and negligently operated said motor vehicle so as to cause a collision with the motor vehicle operated by plaintiff, James Grey, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

19. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle negligently, carelessly and recklessly cared for said vehicle and so negligently, recklessly and carelessly, operated said vehicle; failed to bring said vehicle to a stop; failed to make proper observations; failed to exercise that degree of caution and circumspection required by law under the circumstances; failed to properly guide, steer and control the vehicle and were otherwise careless and inattentive.

20. The wrongful and negligent conduct of underinsured operator of the underinsured motor vehicle consisted of, among other things, the following:

      (a) failing to have said motor vehicle under adequate and proper control;

      (b) operating said motor vehicle at a high and excessive rate of speed under the circumstances;

      (c) failing to use due caution in driving said motor vehicle upon the highway;

3

(d) failing to take due note of the point and position of other motor vehicles upon the roadway;

(e) failing to maintain an assured clear distance with other motor vehicle upon the roadway including the motor vehicle operated by plaintiff;

(f) failing to yield the right of way;

(g) failing to warn plaintiff;

(h) failing to stop said motor vehicle;

(i) failing to maintain a proper lookout;

(j) disregarding the designated lanes of travel on the roadway;

(k) disregarding applicable traffic controls and/or signals;

(l) disregarding a steady red traffic signal;

(m) failing to operate said motor vehicle reasonably under the circumstances;

(n) violating the statutes and ordinances of the Commonwealth of Pennsylvania, and the local municipality where the crash occurred pertaining to the operation of a motor vehicle under the circumstances;

(o) striking the motor vehicle operated by plaintiff;

(p) causing injuries to plaintiff;

(q) failing to prevent injuries to plaintiff.

21. As a direct and proximate result of the negligence of underinsured operator of the underinsured motor vehicle, the motor vehicle collided with the motor vehicle operated by plaintiff.

22. As a direct and proximate result of the negligence of underinsured operator of the underinsured motor vehicle, as aforesaid, plaintiff, James Grey, was caused to sustain and did sustain serious and

4

permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

23. As a result of the aforesaid collision, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

24. As a result of the collision, plaintiff, James Grey, sustained serious and painful bodily injuries, necessitated medical treatment; caused plaintiff great pain and suffering and left the plaintiff with permanent disabilities which will in the future incapacitate, cause pain and suffering and require medical treatment.

25. Plaintiff's injuries include, but are not limited to cerebral concussion with post-concussion syndrome, post-traumatic headaches, cervical disc herniation, cervical radiculopathy, cervical strain and sprain, thoracic strain and sprain, lumbar disc herniation, lumbar radiculopathy, lumbar strain and sprain as well as other injuries to his head, neck and back, their bones, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

26. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in his usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures.

27. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to

effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

28. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered an injury which is permanent, irreparable and severe.

29. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

30. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

31. As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which the defendant, Ace, is liable.

WHEREFORE, plaintiff demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT I

### PLAINTIFFS V. DEFENDANT

32. Plaintiffs incorporate by reference paragraphs 1 through 31 as if set forth at length herein.

33. At the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured."

34. Within the said policy of automobile insurance, by the terms of which defendant, Ace, contracted to pay first party benefits on account of plaintiffs' injuries, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured driver and underinsured motor vehicle.

35. Plaintiff timely placed defendant, Ace, on notice for "UIM" benefits after the subject motor vehicle collision.

36. Plaintiff properly complied with the terms and conditions of said policy to bring a claim for "UIM" benefits under said policy.

37. The defendant, Ace, policy of automobile insurance provided "UIM" benefits with a combined limit in the amount of at least $1,000,000.00 per person.

38. Plaintiff is entitled to make a claim for Underinsured Motorist benefits with Defendant, Ace, pursuant to said policy.

39. Plaintiff has demanded payment of Underinsured Motorist benefits from Defendant, Ace.

40. Defendant, Ace, is obligated to provide Underinsured Motorist benefits to Plaintiff.

41. It is the duty and obligation of Defendant, Ace, to pay Underinsured Motorist benefits to Plaintiff.

42. Defendant, Ace, is in breach of its contractual obligations to plaintiff.

WHEREFORE, plaintiff demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

                                      WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

                                      BY: _____
                                      ROBERT S. MILLER, ESQUIRE
                                      WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER
                                      2000 Market Street, Suite 2750
                                      Philadelphia, PA 19103
                                      (215-569-0900 – telephone)
                                      (215-569-4621 – facsimile)
                                      millerr@wnwlaw.com

## VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. 4904.

_____